[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In September of 1986, the plaintiff, ARJ Trucking, Inc. (hereafter "ARJ"), entered into an agreement to provide drayage services to the defendant, Emery Worldwide (hereafter "Emery"). The contract negotiations took place between Robert D. Foglia, the founder of ARJ, and Daniel J. McCauley, who was at that time general counsel to Emery. The parties executed Emery's standard drayage agreement, which allegedly contains a provision that either party can terminate the agreement upon thirty days notice. However, Foglia and McCauley subsequently executed a side letter agreement, allegedly intended to supersede conflicting provisions of the standard contract. The letter agreement contains a provision that six months notice is required prior to termination by either party. ARJ and Emery commenced performance under the agreement on October 20, 1986.
In April of 1989, defendant, Consolidated Freightways, Inc. (hereafter "Consolidated"), purchased all of the stock of Emery. At that time, McCauley was relieved of his title as general counsel to Emery, but was retained as a legal consultant to both Emery and Consolidated.
On February 15, 1991, Emery informed ARJ of its intent to terminate the drayage agreement effective March 17, 1991. Consequently, a dispute arose as to whether the terms of the standard contract or the letter agreement governed the situation regarding the notice required prior to termination. Soon thereafter, McCauley was contacted by his successor as general counsel to Emery, Eberhard G. H. Schmoller, to discuss the dispute that had arisen between ARJ and Emery and the legal import of the letter agreement. On July 30, 1991, McCauley ceased to be in the employ of the defendants.
ARJ filed the instant action in five counts on July 1, 1991, alleging two counts of breach of contract, unjust enrichment, violation of the Connecticut Unfair Trade Practices Act (General Statutes, Sec. 42-110a et seq.), and tortious interference. On February 20, 1992, in the course of attempting to secure a prejudgment attachment, counsel for ARJ CT Page 7196 submitted in support of its application an affidavit of McCauley. In the affidavit, McCauley reveals various details regarding the drayage agreement with ARJ, as well as his conversation with Schmoller.
On March 25, 1992, based upon McCauley's alleged disclosure of attorney-client confidences in the affidavit, the defendants filed motions to: (1) strike the McCauley affidavit from the file; (2) disqualify plaintiff's counsel, Cohen and Wolf, from the case; (3) enjoin future disclosure by McCauley to plaintiff or its counsel. The plaintiff opposes the motion. Both parties have filed memoranda in support of their respective positions, and the matter was argued before this court on May 1, 1992.
Rule 1.6 of the Connecticut Rules of Professional Conduct states in relevant part that "[a] lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation. . . ." The comment to the rule clearly provides that "[t]he duty of confidentiality continues after the client-lawyer relationship has terminated." While there are other exceptions to this rule, they are not relevant to this case.
In the case at bar, McCauley's statements in the affidavit regarding the formation and content of the agreement and his conversation with Schmoller relate to his representation of Emery in that transaction. Furthermore, Emery's strong opposition to the submission of the affidavit is sufficient evidence that it has not consented to the disclosure.
Rule 1.9 of the Connecticut Rules of Professional Conduct provides, inter alia, that "[a] lawyer who has formerly represented a client in a matter shall not thereafter: . . . (b) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known."
Clearly, McCauley's affidavit on behalf of ARJ, which contains statements relating directly to his prior representation of Emery in the subject transaction, is to his former client's disadvantage. The affidavit contains statements regarding the meaning, content, and applicability of the agreement, as well as a statement concerning Schmoller's consultation with McCauley. The fact that these statements address issues that are disputed and in litigation indicates that they are not generally known information. CT Page 7197
Therefore, McCauley's statements in the affidavit were improper under Rules 1.6 and 1.9 of the Connecticut Rules of Professional Conduct, and the defendants have been prejudiced by these disclosures. Accordingly, in order to remedy the situation the affidavit should be stricken from the record.
The defendants have moved to disqualify the law firm of Cohen and Wolf from representing the plaintiff in this action. One of the reasons cited is the possibility that the firm may have received client confidences from McCauley when the affidavit was taken. The plaintiff denies that any such transmission of confidences has occurred, saying: "[a]ssuming that McCauley had such information, he did not disclose it to Cohen and Wolf." (No. 126.05, Plaintiff's Memorandum in Opposition to Motion, p. 12.)
 Every client has a right to expect that his lawyer will not disclose his secrets. To protect that right, courts will not inquire whether the lawyer has, in fact, used confidential information to the client's detriment because such inquiry would require the revelation of the very information the . . . [rule] is designed to protect. [citations omitted.] Where the opportunity for disclosure of confidential information to an adversary is shown, the breach of confidence would not have to be proved; it is presumed in order to preserve the spirit of the [Rules of Professional Conduct]. [citation omitted.]
Goldenberg v. Corporate Air, Inc., 189 Conn. 504, 512,457 A.2d 296 (1983), reversed on other grounds in Burger Burger, Inc. v. Murren, 202 Conn. 660, 522 A.2d 812 (1987). The presumption created by the Supreme Court in Goldenberg has been construed as irrebuttable. See MMR/Wallace Power and Industrial, Inc. v. Thames Associates, 764 F. Sup. 712, 726 n. 24 (D.Conn. 1991).
Given the fact that McCauley negotiated the contract at issue on behalf of Emery, and that Schmoller consulted with McCauley after the contract dispute arose, the court may reasonably conclude that McCauley was privy to the confidences of his former client. The opportunity for disclosure of these confidences existed when McCauley's statements were taken by Cohen and Wolf. (It is noted by the court that McCauley's affidavit is printed on the firm's stationery.) Further, under Goldenberg, it must be presumed that McCauley disclosed confidences of his former client regarding this matter to Cohen and Wolf. Accordingly, the defendants' motion to disqualify CT Page 7198 Cohen and Wolf from representing the plaintiff is granted since "`the potential for unfair discovery of information through private consultation rather than through normal discovery procedures threatens the integrity of the trial process.'" (Citation omitted.) MMR/Wallace Power and Industrial, Inc. v. Thames Associates, supra, 722.
Clearly, any future contact by the plaintiff or counsel succeeding Cohen and Wolf with McCauley would raise the same appearances of impropriety that the court is now attempting to remedy. Therefore, the defendants' motion to enjoin future disclosure is granted to the extent that plaintiff or its counsel is prohibited from having any ex parte communications with McCauley regarding this matter.
As a consequence of McCauley's obligations under Rules 1.6 and 1.9 of the Connecticut Rules of Professional Conduct, his submission of an affidavit on behalf of the plaintiff containing information relating to his prior representation of the defendants was improper. Therefore, the defendants' motion to strike the affidavit from the record is granted. Additionally, and in accord with the foregoing, the defendants' motion to disqualify plaintiff's counsel is also granted.
Finally, the defendants' motion to enjoin future disclosure is granted insofar as ex parte communications between plaintiff and McCauley are concerned.
WEST, J.